UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALLIANCE LAUNDRY SYSTEMS LLC,

    Plaintiff,

v.

TRUDY ADAMS,
JOHN "CLAY" WILLIAMS and
AUTARKIC HOLDINGS, INC. D/B/A
LAUNDRYLUX,

    Defendants.

Case No.: 23-22130

## COMPLAINT

Plaintiff, Alliance Laundry Systems LLC ("**Alliance**"), by and through its undersigned counsel, files this Complaint against defendants Trudy Adams ("**Adams**"), John "Clay" Williams ("**Williams**") and Autarkic Holdings, Inc. d/b/a Laundrylux ("**Laundrylux**")(collectively, "**Defendants**"), and states as follows:

### NATURE OF THE ACTION

1. This is an action for theft and improper use of confidential and proprietary information for which Alliance seeks to obtain legal and equitable relief for misappropriation of trade secrets, breaches of the duty of loyalty, violation of confidentiality obligations, intentional interference with contractual and business relations, conversion, civil theft and breach of contract.

## PARTIES

2. Alliance is a limited liability company organized in Delaware with a principal place of business at 221 Shepard Street, Ripon, Wisconsin, 54971. Alliance designs, develops, manufactures, distributes, and sells commercial laundry equipment.

3. Defendant Adams is a resident of the State of Florida and resides at 6628 Redfield, Navarre, Florida 32566.

4. Defendant Williams is a resident of the State of Alabama and resides at 1705 Brookridge Drive, Dothan, Alabama 36303.

5. Laundrylux is a North American supplier of third-party commercial laundry equipment. Laundrylux is a New York corporation with a principal place of business at 461 Doughty Blvd., Inwood, NY 11096.

## JURISDICTION AND VENUE

6. The Court has original subject matter jurisdiction of this action pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836(c) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the other claims asserted in this action pursuant to 28 U.S.C. § 1367(a). Further, there is complete diversity and the amount in controversy exceeds the jurisdictional amount, and therefore, this action is also subject to the Court's diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

7. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property that is the subject of the action is situated in this judicial district.

8. Venue is also proper under 28 U.S.C. § 1391(b)(3) as the Defendants are subject to personal jurisdiction with respect to this action in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Alliance develops, manufactures, distributes and sells commercial laundry equipment for many businesses, including laundromats, multi-housing facilities and on-premise laundries. Alliance also provides consulting to its customers regarding financing, demographic analyses, site selections, store layouts, design, technology, and marketing.

10. Defendant Laundrylux and Alliance are direct competitors.

11. Defendants Adams and Williams are former employees of Alliance.

12. Defendants Adams and Williams served in key roles for Alliance, namely, they acted as Regional Sales Managers for Alliance, each representing a sales area comprising multiple counties and states, including counties in this judicial district.

13. Defendant Adams was employed by Alliance as a Regional Sales Manager, whose territory included Santa Rosa and Escambia counties until she resigned from her employment with Alliance on May 19, 2023.

14. Defendant Williams was employed by Alliance as a Regional Sales Manager, whose territory included sixteen Florida counties (Bay, Calhoun, Franklin, Gadsden, Gulf, Holmes, Jackson, Jefferson, Leon, Liberty, Madison, Okaloosa, Taylor, Wakulla, Walton and Washington) until he resigned from his employment with Alliance on July 12, 2023.

15. In their roles as Regional Sales Managers, Defendant Adams and Defendant Williams had access to the highest level of proprietary and confidential business information of Alliance, including (without limitation) price lists, customer lists, customer quotes, customer communications, drawings, market analyses, customer demographic analyses, and other financial information ("**Alliance Confidential Information**").

16. Some of the Alliance Confidential Information is protected by Alliance as trade secret information, as it derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means.

17. Alliance takes reasonable efforts to maintain the secrecy of the Alliance Confidential Information, including (without limitation), limiting access to Alliance Confidential Information to individuals with a need to know such information, implementing industry standard security controls, and implementing policies and procedures designed to protect the Alliance Confidential Information.

18. Upon becoming employed by Alliance, both Defendant Adams and Defendant Williams reviewed and signed an acknowledgment of Alliance's Employee Handbook, which clearly stated that all Alliance Confidential Information, whether created by Defendant Adams, Defendant Williams or others, was owned by Alliance and could not be used or disclosed by Defendant Adams or Defendant Williams, directly or indirectly, other than pursuant to their employment and for the benefit of Alliance. True and correct copies of the Employee Handbook and Defendant Adams' and Defendant Williams' acknowledgements (the "**Acknowledgements**") are attached hereto as **Exhibit A** and incorporated by this reference.

19. Further, upon her employment separation, on June 11, 2023, Defendant Adams entered into a written Release Agreement with Alliance (the "**Release**"), whereby she represented, warranted and certified that (*inter alia*): (a) she returned to Alliance all items of personal property (including, without limitation, keys, credit cards, computers and computer equipment, hardware and software, cell phones, and PDAs) that are the property of Alliance; and (b) she has not removed (including downloaded from computers) or retained any records, files (including without limitation computer files, disks, data and tapes), manuals, reports, notes or other materials (whether in written, video, electric or other form) whether prepared by

Adams or others, or any copies of the same, which contain confidential information regarding Alliance or its business.

20. Defendant Adams and Defendant Williams are now employees of Defendant Laundrylux.

21. Prior to their separation of employment from Alliance, on prior separate occasions, Defendant Adams and Defendant Williams emailed certain Alliance Confidential Information to their own personal email addresses.

22. The Alliance Confidential Information taken by Defendant Adams and Defendant Williams includes (without limitation) price lists, customer lists, customer quotes, customer communications, drawings, market analyses, customer demographic analyses, and financial information.

23. Upon information and belief, Defendant Adams and Defendant Williams took Alliance Confidential Information with the intent of using such information to solicit business for Defendant Laundrylux.

24. Upon information and belief, Defendant Laundrylux knew that Defendant Adams and Defendant Williams had taken and were using Alliance Confidential Information when soliciting sales for Defendant Laundrylux.

25. Upon information and belief, Defendants used and continue to use Alliance Confidential Information to convert business opportunities from Alliance to Laundrylux.

26. Upon information and belief, Defendants' unlawful actions have led to at least one Alliance customer buying from Laundrylux instead of Alliance and resulting in losses to Alliance directly attributable to Defendants' use of Alliance Confidential Information.

27. For the past eighteen months, Defendant Laundrylux has actively recruited and hired former Alliance employees who have, upon information and belief, also used Alliance's confidential, proprietary, and trade secret information to the benefit of Defendant Laundrylux.

28. Upon information and belief, Defendants have engaged in intentional acts and a concerted scheme to lure away Alliance's current and prospective customers using Alliance Confidential Information, causing irreparable and ongoing injuries to Alliance.

## COUNT I
## TRADE SECRET MISAPPROPRIATION (ALL DEFENDANTS)

29. Alliance reaffirms and realleges paragraphs 1 through 28 as if fully set forth herein.

30. Alliance possesses trade secrets.

31. Alliance communicated or provided access to the trade secrets to Defendant Adams and Defendant Williams within the confidential relationship of their employment with Alliance.

32. Defendant Adams and Defendant Williams each owed a duty to Alliance to maintain the secrecy and limit the use of Alliance's trade secret information.

33. The circumstances under which Defendant Adams and Defendant Williams acquired the trade secret information gave rise to a duty on their part to maintain its secrecy or limit its use.

34. Defendant Adams and Defendant Williams disclosed Alliance's trade secret information to Defendant Laundrylux without Alliance's express or implied consent.

35. Defendants Adams, Williams, and Laundrylux used Alliance's trade secret information without Alliance's express or implied consent.

36. Defendants Adams, Williams, and Laundrylux used Alliance's trade secret information in violation of Alliance's confidence.

37. Defendants' use of Alliance's trade secrets caused Alliance damages.

38. At the time of the Defendants' disclosure and/or use of Alliance's trade secret information, all Defendants knew that the information was acquired under circumstances giving rise to a duty to maintain its secrecy and limit its use and derived from individuals who owed a duty to Alliance to maintain its secrecy and limit its use.

## COUNT II
## BREACH OF DUTY OF LOYALTY (ADAMS & WILLIAMS)

39. Alliance reaffirms and realleges paragraphs 1 through 28 as if fully set forth herein.

40. As employees of Alliance, Defendant Adams and Defendant Williams owed Alliance a duty of loyalty.

41. Defendant Adams' and Defendant Williams' duty of loyalty to Alliance included the duty not to retain, download, store, transmit, or use Alliance Confidential Information in anticipation of future competition and/or to actually compete with Alliance.

42. Defendant Adams' and Defendant Williams' duty of loyalty to Alliance prohibited them from engaging in disloyal acts, including from retaining or using Alliance Confidential Information acquired during the course of their employment for the purpose of soliciting customers after their employment with Alliance ended.

43. Upon information and belief, while still employed by Alliance, Defendant Adams and Defendant Williams stored, transmitted, and used Alliance Confidential Information for their own benefit in anticipation of future competition by Defendant Laundrylux.

44. Defendant Adams and Defendant Williams engaged in disloyal acts in anticipation of competing on behalf of Defendant Laundrylux in the future, including using Alliance Confidential Information acquired during their employment and

9

soliciting customers using Alliance Confidential Information immediately following the end of their employment.

45. Defendant Adams' and Defendant Williams' breaches of their duty of loyalty has proximately caused Alliance damages.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS OPPORTUNITIES
## (ALL DEFENDANTS)

46. Alliance reaffirms and realleges paragraphs 1 through 28 as if fully set forth herein.

47. Defendants had knowledge of business relationships between Alliance and existing and/or prospective customers.

48. Upon information and belief, Defendants intentionally and unjustifiably interfered with those business relationships by soliciting those existing and expectant customers to abandon their business with Alliance and to do business with Defendant Laundrylux instead.

49. Defendants' intentional interference caused existing and expectant customers to terminate their business agreements with Alliance and/or to decide not to enter into a business relationship with Alliance.

50. The disruption to its existing and expectant business relationships has caused Alliance damages.

## COUNT IV
## BREACH OF CONTRACT (ADAMS)

51. Alliance reaffirms and realleges paragraphs 1 through 28 as if fully set forth herein.

52. On June 11, 2023, Alliance and Defendant Adams entered into the Release.

53. The Release constitutes a valid and enforceable contract between Alliance and Defendant Adams.

54. In the Release, Defendant Adams represented and warranted that she had, *inter alia*: (a) returned to Alliance all items of personal property (including, without limitation, keys, credit cards, computers and computer equipment, hardware and software, cell phones and PDAs) that are the property of Alliance; and (b) had not removed (including downloaded from computers) or retained any of Alliance's records, files (including without limitation computer files, disks, data and tapes), manuals, reports, notes or any other materials (whether in written, video, electric or other form) whether prepared by them or others, or any copies of the same, which contain information regarding Alliance or its business.

55. Prior to signing the Release, on multiple occasions in the days and weeks immediately preceding her resignation from Alliance, Defendant Adams downloaded, exported, removed, and retained Alliances' files, manuals, reports, notes and other materials that contained information about Alliance and its business.

56. Defendant Adams also failed to return the downloaded files and materials that were the property of Alliance.

57. Defendant Adams' retention and removal of files and other materials constitutes a material breach of her representations and warranties under the Release.

58. Defendant Adams' failure to return personal property owned by Alliance constitutes a material breach of her representation and warranties under the Release.

59. Defendant Adams' breach of the Release has caused Alliance damages.

## COUNT V
## BREACH OF CONTRACT (ADAMS & WILLIAMS)

60. Alliance reaffirms and realleges paragraphs 1 through 28 as if fully set forth herein.

61. Defendant Adams signed an Acknowledgement agreeing to abide to the terms of the Employee Handbook on January 18, 2023.

62. Defendant Williams signed an Acknowledgement agreeing to abide to the terms of the Employee Handbook on January 13, 2023.

63. By signing the Acknowledgement, Defendant Adams and Defendant Williams "agree[d] to abide by the [Employee] [H]andbook as a condition of [their] employment and [their] continuing employment at Alliance."

64. Defendant Adams and Defendant Williams' Acknowledgements created a binding contract to enforce the obligations laid out in the Employee Handbook.

65. The Employee Handbook states that all Alliance Confidential Information, whether created by Adams, Williams, or others, was owned by Alliance and could not be used or disclosed by Adams or Williams, directly or indirectly, other than pursuant to their employment and for the benefit of Alliance.

66. By disclosing Alliance Confidential Information and using it to the advantage of Laundrylux, Defendant Adams and Defendant Williams materially breached the terms of their Acknowledgements.

67. Defendant Adams' and Defendant Williams' breach of the Acknowledgements, with respect to the terms of the Employee Handbook, has caused Alliance damages.

## COUNT VI
## CONVERSION (ALL DEFENDANTS)

68. Alliance reaffirms and realleges paragraphs 1 through 28 as if fully set forth herein.

69. Defendants have wrongfully asserted an act of dominion over Alliance's property.

70. Upon information and belief, Defendants wrongfully possess Alliance's property.

71. Defendants' wrongful act of dominion over Alliance's property is inconsistent with Alliance's ownership interests in its property and has caused Alliance damages.

## COUNT VII
## CIVIL THEFT (ADAMS & WILLIAMS)

72. Alliance reaffirms and realleges paragraphs 1 through 28 as if fully set forth herein.

73. Defendant Adams and Defendant Williams knowingly obtained and/or used Alliance's property.

74. Upon information and belief, Defendant Adams and Defendant Williams obtained and/or used Alliance's property with the intent to temporarily or permanently deprive Alliance of the right to or benefit in the property.

75. Upon information and belief, Defendant Adams and Defendant Williams took Alliance's property with felonious attempt to commit theft.

76. Defendant Adams' and Defendant Williams' civil theft of Alliance's property has caused Alliance damages.

77. Alliance is entitled to recover treble damages for Defendant Adams' and Defendant Williams' civil theft.

## **RELIEF REQUESTED**

**WHEREFORE,** Alliance respectfully requests the Court:

a. Grant injunctive relief in the form of an order prohibiting Defendants from using or disclosing Alliance Confidential Information and ordering the return of all Alliance Confidential Information to Alliance.

b. Grant injunctive relief in the form of an order enjoining further misappropriation of Alliance's trade secret information under 18 U.S.C. § 1836(c), 28 U.S.C. § 1331 and Fla. Stat. § 688.003(1).

c. Grant injunctive relief in the form of an order prohibiting Defendants from contacting Alliance's current or prospective customers.

d. Award compensatory damages to Alliance in an amount to be determined at trial.

e. Award punitive damages in an amount to be determined at trial.

f. Grant a judgment pursuant to Count I against all Defendants awarding compensatory and exemplary damages for misappropriation of trade secret information.

g. Grant a judgment pursuant to Count II against Defendant Adams and Defendant Williams awarding Alliance damages for breach of duty of loyalty as set forth above.

  h. Grant a judgment pursuant to Count III against all Defendants Williams awarding Alliance damages for tortious interference with business opportunities as set forth above.

  i. Grant a judgment pursuant to Count IV against Defendant Adams awarding Alliance damages for breach of contract as set forth above.

  j. Grant a judgment pursuant to Count V against Defendant Adams and Defendant Williams awarding Alliance damages for breach of contract as set forth above.

  k. Grant a judgment pursuant to Count VI against all Defendants awarding Alliance damages for conversion as set forth above.

  l. Grant a judgment pursuant to Count VII against Defendant Adams and Defendant Williams awarding Alliance treble damages for civil theft as set forth above.

## **JURY TRIAL**

Alliance hereby demands a jury trial on all issues so triable.

Dated:  August 17, 2023

        s/*Melinda S. Giftos*
        Melinda S. Giftos, Florida Bar No. 0302960

        HUSCH BLACKWELL LLP
        33 E. Main St. Ste. 300
        Madison, Wisconsin 53703
        608.255.4440
        Mindi.Giftos@huschblackwell.com

        *Attorney for Plaintiff*
        *Alliance Laundry Systems, LLC*