UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALLIANCE LAUNDRY SYSTEMS, LLC,
    Plaintiff,

v.                                            Case No. 3:23cv22130/MCR/ZCB

TRUDY ADAMS, ET AL.,
    Defendants.
_____/

# ORDER

The Court previously granted Plaintiff's request for *in camera* review of certain emails that Defendants had clawed back based on attorney-client privilege. (Doc. 100). Plaintiff has argued that the emails are not privileged and, therefore, were improperly clawed-back. Defendants disagree and argue the opposite. Having reviewed the emails *in camera*, the Court finds some of the emails are privileged and others are not.

## I.    Background

During discovery, Defendants produced various documents to Plaintiff. Defendants subsequently sent Plaintiff a letter stating that

1

they had inadvertently produced thirteen emails[1] that contained information protected by the attorney-client privilege. Pursuant to the Confidentiality Order issued earlier in this litigation, Defendants sought to claw-back those emails. Plaintiff sent the emails back to Defendants. Defendants then provided Plaintiff with redacted versions of ten of the emails and withheld three documents entirely as privileged.

In a series of back-and-forth communications, Plaintiff informed Defendants that it believed the emails were not privileged and should be re-produced in their entirety. Defendants refused to do that. So, the issue landed on the Court's desk to decide. Defendants have provided the emails at issue to the Court under seal for an *in camera* review. According to Defendants, the emails are privileged because they are "internal communications among Laundrylux personnel requesting, conveying, and discussing legal advice they are seeking or have received." (Doc. 99 at 2). For its part, Plaintiff says the emails are not privileged because "there are no legal counsel involved in any of the communications

---

[1] Although there were forty-five total documents, there were thirteen separate documents and thirty-two duplicates.

and the content of the communications do not reflect legal strategy or advice to or from an attorney." (Doc. 95 at 2).

## II. Discussion

"The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." *In re Grand Jury Matter*, 969 F.2d 995, 997 (11th Cir. 1992) (cleaned up). The privilege is designed to "promote[] full and frank communications between an attorney and client in order to facilitate the maximum effectiveness of the attorney's representation." *Id*. "Neither the existence of an attorney-client relationship nor the mere exchange of information with an attorney make out a presumptive claim" of privilege. *Covey v. Colonial Pipeline Co.*, 336 F.R.D. 514, 519 (N.D. Ala. 2020). The party invoking the attorney-client privilege bears the burden of proving that it applies. *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991).

There is no rigid requirement "for a communication to include a lawyer to be protected under the attorney-client privilege." *Burrow v. Forjas Tauras S.A.*, 334 F. Supp. 3d 1222, 1234 (S.D. Fla. 2018). Thus, "lack of attorneys on either side of an otherwise confidential corporate

3

communication is not fatal to a claim of privilege." *Id.* at 1236. The absence of attorney involvement in the communication is a "factor tending to weigh" against a finding of privilege. *Id.* But "the ultimate touchstone for application of the privilege is whether the communication revealed advice from, or a request for advice made to, an attorney in some fashion." *Id.* (cleaned up).

Having set forth the applicable standard, the Court will now apply it to the emails at issue here.

### 1. Privilege Log Nos. 1, 2, 3, 4, and 5

At issue are several iterations of a single email chain with one sentence redacted. (Doc. 103 at 4). The redacted sentence is not protected by the attorney-client privilege. The sentence contains no request for legal advice nor does it reveal any legal advice. Instead, the sentence is simply a statement of fact indicating that counsel has been hired and payment was being arranged. *See In re Hillsborough Holdings Corp.*, 176 B.R. 223, 242 (M.D. Fla. 1994) (recognizing that the privilege does not "ordinarily extend to the fact that the client has retained the attorney"); *see also In re Grand Jury Proceedings*, 899 F.2d 1039, 1042 (11th Cir. 1990) ("The identity of a client and the receipt of fees from a

client normally are not privileged."). Thus, the unredacted email should be provided to Plaintiff's counsel.

### 2. Privilege Log Nos. 6, 7, and 13

At issue are several redacted emails sent by employees of Defendant Laundrylux. (Doc. 103 at 29-32, 45). The first redacted email is one sent from Defendant Adams to Jason Fleck on June 7, 2023. (Doc. 103 at 29). The redacted portion of the email involves a request by Defendant Adams for legal advice regarding a document attached to the email. Accordingly, the email is privileged and was properly redacted.

The second redacted email is one sent from Jason Fleck to John Sabino[2] on June 7, 2023. (Doc. 103 at 45). The redacted portion of the email involves a request by Mr. Fleck to have Defendant Laundrylux's attorney review a document. Although neither Mr. Fleck nor Mr. Sabino are attorneys, "a document generated for purposes of obtaining and/or assisting in the transmission of legal advice" is not "artificially viewed as primarily a business communication merely because the author and the recipient were not attorneys." *Burrow*, 334 F. Supp. 3d at 1235 (cleaned

---

[2] John Sabino is the CEO of Defendant Laundrylux.

up). The email at issue involved a request to receive legal advice from Defendant Laundrylux's attorney regarding a particular issue. Thus, the email is privileged and was properly redacted.

The third redacted email is one sent from John Sabino to Jason Fleck on June 8, 2023. (Doc. 103 at 45). The Court fails to see how the redacted sentence involved advice from an attorney or a request for legal advice. *Burrow*, 334 F. Supp. 3d at 1236. Thus, the unredacted email should be provided to Plaintiff's counsel.

### 3. Privilege Log No. 8

At issue is an August 19, 2023, email from Defendant Adams to John Sabino. (Doc. 103 at 34). The email has been clawed back in its entirety. The Court does not believe that the first two paragraphs of the email are privileged. The third paragraph, however, does appear to have been made by Defendant Adams for the purpose of obtaining legal advice from Defendant Laundrylux's legal counsel. Thus, the email should be produced to Plaintiff with the first two paragraphs unredacted and the third paragraph (beginning "With this complaint") redacted.

### 4. Privilege Log No. 9

At issue is a March 14, 2024, email from Defendant Adams to John Sabino. (Doc. 103 at 36). One sentence of the email has been redacted. The redacted sentence involves Defendant Adams telling Mr. Sabino about something she had discussed with counsel. Thus, the redacted sentence is protected by the attorney- client privilege. *See generally Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609, 633 (M.D. Pa. 1997) ("Communications between corporate counsel and company personnel are privileged so long as the information is related for the purpose obtaining legal counsel. The communications retain their privileged status if the information is relayed to other employees or officers of the corporation on a need to know basis.") (cleaned up). Accordingly, the email was properly redacted.

### 5. Privilege Log Nos. 10 and 11

At issue are emails between Jason Fleck and John Sabino on May 24, 2023. (Doc. 103 at 39). The emails have been clawed back in their entirety. The Court fails to see how the emails between Mr. Fleck and Mr. Sabino discussing the fact that Defendant Adams is contemplating a lawsuit against Plaintiff are protected by the attorney-client privilege.

7

The emails do not involve legal advice nor statements made for the purpose of obtaining legal advice. Thus, these emails should be produced to Plaintiff in their entirety.

### 6. Privilege Log No. 12

At issue is a redacted email from Defendant Adams to Jason Fleck on May 30, 2023. (Doc. 103 at 43). In the first two redacted sentences of the email, Defendant Adams relays to Mr. Fleck what she had been told by counsel. *See generally Andritz Sprout-Bauer, Inc.*, 174 F.R.D. at 633 (explaining that privileged communications "retain their privileged status if the information is relayed to other employees or officers of the corporation on a need to know basis."). The last four redacted sentences of the email (beginning with "Greg sent me" and ending with "of the equipment"), however, do not appear to contain information provided to Defendant Adams by counsel. The sentences instead refer to the fact that Defendant received a payout and details of when it would be processed. Thus, the last four redacted sentences are not privileged because they do not involve legal advice or statements made for the purpose of obtaining legal advice. Defendants, therefore, should produce the email to Plaintiff with the first two sentences redacted and the last four sentences

8

(beginning with "Greg sent me" and ending with "of the equipment") unredacted.

The information that the Court has stated above should be produced to Plaintiff must be produced by the **close of business on February 14, 2025.**

**SO ORDERED** this the 13th day of February 2025.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge