# Exhibit 4

EXHIBIT
4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| ALLIANCE LAUNDRY SYSTEMS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TRUDY ADAMS, JOHN "CLAY" WILLIAMS and AUTARKIC HOLDINGS, INC. D/B/A LAUNDRYLUX,<br><br>    Defendants.<br>-------------------------------------------------------<br>TRUDY ADAMS, JOHN "CLAY" WILLIAMS,<br><br>    Defendant/Counterclaim Plaintiffs,<br><br>v.<br><br>ALLIANCE LAUNDRY SYSTEMS LLC,<br>GREG REESE, MIKE HAND and SAMANTHA BAKER,<br><br>    Plaintiff/Counterclaim Defendants/Third Party Defendants. | Case No.: 23-cv-22130 (MCR) |

**PLAINTIFF'S RESPONSES TO DEFENDANT LAUNDRYLUX'S
FIFTH SET OF DOCUMENT REQUESTS**

    Plaintiff, Alliance Laundry System LLC ("**Alliance**") submits the following objections and responses to Defendant Autarkic Holdings, Inc.'s ("***Laundrylux***") Fifth Set of Document Requests (each individually referred to as a "**Request**" and collectively referred to as "**Requests**").

**OBJECTIONS TO INSTRUCTIONS**

    Alliance objects to the Instructions set forth in the Requests to the extent that they

1

require obligations beyond those provided for in the Federal Rules of Civil Procedure and the Local Rules.

### RESPONSES TO LAUNDRYLUX'S FIFTH SET OF DOCUMENT REQUESTS

**REQUEST NO. 1:** Documents sufficient to show that Plaintiff's expert Mark Lanterman successfully earned a B.S. in computer science from Upsala College.

**RESPONSE**: Alliance objects to this Request to the extent that it seeks documents that are not in possession of Alliance. Alliance further objects to this request to the extent it seeks documents that may not be in the possession of Mr. Lanterman. Alliance has communicated Defendants' Request No. 1 to Mark Lanterman and will produce responsive documents he provides to Alliance that are in his possession. Alliance is not withholding any documents based on its objections.

**REQUEST NO. 2:** Documents sufficient to show that Plaintiff's expert Mark Lanterman successfully earned an M.S. in computer science from Upsala College.

**RESPONSE**: Alliance objects to this Request to the extent that it seeks documents that are not in possession of Alliance. Alliance further objects to this request to the extent it seeks documents that may not be in the possession of Mr. Lanterman. Alliance has communicated Defendants' Request No. 1 to Mark Lanterman and will produce responsive documents he provides to Alliance that are in his possession. Alliance is not withholding any documents based on its objections.

**REQUEST NO. 3:** Documents sufficient to show that Plaintiff's expert Mark Lanterman successfully completed any educational program in cybersecurity at Harvard University.

**RESPONSE**: Alliance objects to this Request to the extent that it seeks documents that are not in possession of Alliance. Alliance further objects to this request to the extent it seeks documents that may not be in the possession of Mr. Lanterman. Alliance has communicated Defendants' Request No. 1 to Mark Lanterman and will produce

responsive documents he provides to Alliance that are in his possession. Alliance is not withholding any documents based on its objections.

**REQUEST NO. 4:**  All non-disclosure agreements referenced in Alliance's responses to Defendant Laundrylux's Requests for Admission Nos. 15-18.

**RESPONSE**:  Alliance objects to this Request on the grounds that Alliance's responses to Request for Admissions 15-18 do not reference any particular non-disclosure agreements. Instead, Alliance's responses referring to non-disclosure agreements generally are part of Alliance's objections regarding the overbreadth of the RFAs, including (without limitation) the fact that such RFAs are unlimited in time, scope, type of customer, type of quote or report, etc. Alliance is a large manufacturing and distribution company and many of its contracts, including NDAs, have no bearing on the claims or defenses in this case. Laundrylux's request for the production of documents vaguely identified in its objections is overly broad, unduly burdensome and disproportionate to the needs of this case. To the extent Laundrylux is seeking broad examples of non-disclosure agreements Alliance has ever entered into, Alliance has produced certain documents. (*See, e.g.,* ALSD000024030, ALSD000024034, ALSD000020491.) Alliance is withholding documents on the basis of its disproportionality objection.

**REQUEST NO. 5:**  All contractual agreements between Alliance and Kevin McDaniel referenced in Alliance's responses to Defendant Laundrylux's Requests for Admission No. 20.

**RESPONSE**:  Alliance objects to this request on the basis that its response to Defendant Laundrylux's Requests [sic] for Admission No. 20 does not reference any contractual agreements. Alliance will, however, produce its contractual agreement with Kevin McDaniel for his replacement deal. Alliance is not withholding any documents based

3

on its objections.

**REQUEST NO. 6:**  All contractual agreements between Alliance and Jim and Carol Hochstetler for their Suds N Duds Coin Laundry project referenced in Alliance's responses to Defendant Laundrylux's Requests for Admission No. 21.

**RESPONSE**:  Alliance objects to this request on the basis that its response to Defendant Laundrylux's Requests [sic] for Admission No. 21 does not reference any contractual agreements.  Alliance will, however, produce its contractual agreement with Jim and Carol Hochstetler for their Suds N Duds Coin Laundry Project.  Alliance is not withholding any documents based on its objections.

**REQUEST NO. 7:**  All contractual agreements between Alliance and Sing Bouapha for his Cottage Hill Coin Laundromat project referenced in Alliance's responses to Defendant Laundrylux's Requests for Admission No. 28.

**RESPONSE**:  Alliance objects to this request on the basis that its response to Defendant Laundrylux's Requests [sic] for Admission No. 28 does not reference any contractual agreements.  Alliance will, however, produce its contractual agreement with Sing Bouapha for his Cottage Hill Coin Laundromat project.

Dated: January 27, 2025

> /s/Melinda S. Giftos
> Melinda S. Giftos, Florida Bar No. 0302960
> Laura K. Higbee (admitted pro hac vice)
> Angela B. Hardin (admitted pro hac vice)
> Brendan R. Zee-Cheng (admitted pro hac vice)
> Delia Maria Berrigan (admitted pro hac vice)
> Gabrielle B. Adams (admitted pro hac vice)
> Jason K. Smathers (admitted pro hac vice)
> Paul D. Smith (admitted pro hac vice)
> **HUSCH BLACKWELL LLP**
> 33 E. Main Street, Suite 300
> Madison, Wisconsin 53703
> Telephone: 608.234.6076
> mindi.Giftos@huschblackwell.com
> laura.higbee@huschblackwell.com
> angela.harden@huschblackwell.com

brendan.zee-cheng@huschblackwell.com
delia.berrigan@huschblackwell.com
gabrielle.adams@huschblackwell.com
jason.smathers@huschblackwell.com
paul.smith@huschblackwell.com

*Attorneys for Plaintiff, Alliance Laundry Systems LLC and Third-Party Defendants, Greg Reese, Mike Hand and Samantha Baker*

### CERTIFICATE OF SERVICE

This is to certify that on January 27, 2025, a copy of the above and foregoing was served **via email** upon counsel for ***Defendant Autarkic Holdings, Inc. d/b/a Laundrylux****:*

/s/Melinda S. Giftos
Melinda S. Giftos, Florida Bar No. 0302960
Laura K. Higbee (admitted pro hac vice)
Angela B. Hardin (admitted pro hac vice)
Brendan R. Zee-Cheng (admitted pro hac vice)
Delia Maria Berrigan (admitted pro hac vice)
Gabrielle B. Adams (admitted pro hac vice)
Jason K. Smathers (admitted pro hac vice)
Paul D. Smith (admitted pro hac vice)
**HUSCH BLACKWELL LLP**
33 E. Main Street, Suite 300
Madison, Wisconsin 53703
Telephone: 608.234.6076
mindi.Giftos@huschblackwell.com
laura.higbee@huschblackwell.com
angela.harden@huschblackwell.com
brendan.zee-cheng@huschblackwell.com
delia.berrigan@huschblackwell.com
gabrielle.adams@huschblackwell.com
jason.smathers@huschblackwell.com
paul.smith@huschblackwell.com

*Attorneys for Plaintiff, Alliance Laundry Systems LLC and Third-Party Defendants, Greg Reese, Mike Hand and Samantha Baker*