LY THIS UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| ALLIANCE LAUNDRY SYSTEMS LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>TRUDY ADAMS, JOHN "CLAY" WILLIAMS and AUTARKIC HOLDINGS, INC. D/B/A LAUNDRYLUX,<br><br>   Defendants. | Case No. 23-cv-22130 (MCR-ZCB) |
| TRUDY ADAMS, JOHN "CLAY" WILLIAMS,<br><br>   Defendants/Counterclaim Plaintiffs,<br><br>   v.<br><br>ALLIANCE LAUNDRY SYSTEMS LLC, GREG REESE, MIKE HAND, and SAMANTHA BAKER,<br><br>   Plaintiff/Counterclaim Defendants/ Third Party Defendants. | |

**ALLIANCE LAUNDRY SYSTEMS LLC'S MOTION TO SEAL CERTAIN PREVIOUSLY FILED EXHIBITS SUPPORTING ALLIANCE'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Plaintiff Alliance Laundry Systems LLC ("Alliance"), pursuant to Fed. R. Civ. P. 5.2(d), Local Rules 5.5(C), hereby moves this Court to file under seal certain exhibits filed in connection with Alliance's Response to Defendants'

Motion to Strike the Expert Declaration of Mark Lanterman and Exclude Lanterman's Testimony ("Motion to Strike").

On Friday evening, March 28, 2025, Alliance filed its Response to Defendant's Motion to Strike ("Response"). ECF No. 175. The next morning, it came to Alliance's attention that Exhibits 6, 12, 13, and 15 to the Declaration of Melinda Giftos were inadvertently publicly filed when they should have been filed under seal. *See* ECF No. 176-6, -12, -13, and -15.

In support of its Motion, Alliance states:

1. On April 9, 2024, at the joint request of the parties, the Court granted as modified the parties' Joint Motion for Stipulated Protective Order. (ECF Nos. 32 and 33.)

2. The Protective Order ("Protective Order") contemplates that "highly confidential and proprietary information" produced in discovery will require protection "from unauthorized or public disclosure." (ECF No. 33 at p. 2.)

3. In its Amended Complaint ("Amended Complaint"), Alliance alleges that Defendants took and are using Alliance's "proprietary and confidential business information of Alliance, including (without limitation) price lists, customer lists, customer quotes, customer communications, drawings, market

2

analyses, customer demographic analyses, and other financial information ('Alliance Confidential Information')."  (ECF No. 98 at ¶15.)

4. Alliance further alleges that some of the Alliance Confidential Information is protected as trade secret information, warranting secrecy.  (*Id.* at ¶¶16-18.)

5. Alliance's allegations against Defendants include the use of Alliance Confidential Information to solicit business for Defendant Laundrylux, convert business opportunities from Alliance to Laundrylux, and otherwise engage in an intentional and concerted scheme to lure away Alliance's current and prospective customers, causing irreparable and ongoing injuries to Alliance. (*Id.* at ¶¶22-55.)

6. Throughout the course of this litigation, the parties have produced a significant amount of business records and other documents that contain the proprietary and highly confidential business and financial information of Alliance (as described above).  Witnesses have also testified at length regarding this confidential information and confidential and proprietary business practices and strategies, and financial information.

7. Federal Rule of Civil Procedure 26(c) allows the Court, with good cause, to issue an order that would "require that a trade secret or other

confidential research, development or commercial information not be revealed or be revealed only in a specific way . . . ."

8. The Court, when deciding whether to seal documents that have a presumption of public access, must balance the public's interest in obtaining the information against the [subject's] interest in keeping the information confidential. *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001).

9. The information Alliance seeks to seal specifically identifies customer information and sales information, proprietary and confidential business practices and strategies, internal policies and procedures of a commercial business, financial information, etc. that comprises Alliance's Confidential Information – the need to keep the secrecy of which is at the heart of this litigation. These are categories of information that Alliance maintains as highly confidential and proprietary and has designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only".

10. Exhibits 6, 12, and 13 (ECF No. 176-6, -12, and -13) are copies of emails and attachments produced in discovery. These contain customer names and contact information, among other details, that are a subset of Alliance's Confidential Information. These are categories of information that Alliance maintains as highly confidential and proprietary.

11. Exhibit 15 (ECF No. 176-15) is a compilation of emails produced by Defendants that were identified by Alliance's expert as email activity or communications by or between Defendants Adams and Williams. These emails, which contain information such as customers and prospective customers, sales materials, and other customer details, were designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

12. Keeping these materials under seal will maintain the confidentiality of the information and further prevent Defendants as well as other third parties from utilizing the information to their competitive benefit, causing further irreparable damage to Alliance.

13. This threat of irreparable harm outweighs the public's interest in the information, as this information is not a topic of public concern.

WHEREFORE, Alliance respectfully requests that this Court enter an order allowing Exhibits 6, 12, 13, and 15 to the Declaration of Melinda Giftos, ECF No. 176-6, -12, -13, and -15, to be filed under seal.

Dated: March 29, 2025

/s/ *Melinda S. Giftos*
Melinda S. Giftos, Florida Bar No. 0302960
Laura K. Higbee (admitted pro hac vice)
Angela B. Hardin (admitted pro hac vice)
Brendan R. Zee-Cheng (admitted pro hac vice)
Delia Maria Berrigan (admitted pro hac vice)
Gabrielle B. Adams (admitted pro hac vice)
Jason K. Smathers (admitted pro hac vice)
Paul D. Smith (admitted pro hac vice)
**HUSCH BLACKWELL LLP**
33 E. Main Street, Suite 300
Madison, Wisconsin 53703
Telephone: 608.234.6076
mindi.giftos@huschblackwell.com
laura.higbee@huschblackwell.com
angela.harden@huschblackwell.com
brendan.zee-cheng@huschblackwell.com
delia.berrigan@huschblackwell.com
gabrielle.adams@huschblackwell.com
jason.smathers@huschblackwell.com
paul.smith@huschblackwell.com

*Attorneys for Plaintiff, Alliance Laundry Systems LLC and Third-Party Defendants, Greg Reese, Mike Hand and Samantha Baker*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I certify that this motion and memorandum has 760 words, excluding the case caption, signature block, and certificate of service, as calculated by the word processing system used to create this document.

*/s/ Melinda S. Giftos*

**CERTIFICATE OF SERVICE**

I certify that on March 29, 2025, a true and correct copy of the foregoing was submitted to the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Melinda S. Giftos*