# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**ALLIANCE LAUNDRY SYSTEMS LLC,**

    Plaintiff,

v.                                                                                          CASE NO. 3:23cv22130-MCR-ZCB

**TRUDY ADAMS,**
**JOHN WILLIAMS also known as**
**CLAY WILLIAMS, and**
**AUTARKIC HOLDINGS INC**
**doing business as LAUNDRYLUX,**

    Defendants.
_____/

**TRUDY ADAMS, and**
**JOHN WILLIAMS,**

    Counter Claimants/Third Party Plaintiffs

v.

**ALLIANCE LAUNDRY SYSTEMS LLC,**

    Counter Defendant,

**MIKE HAND, SAMANTHA BAKER, and**
**GREG REESE,**

    Third Party Defendants.
_____/

# ORDER

Counter Defendant Alliance Laundry Systems LLC, together with Third Party Defendants Greg Reese Mike Hand, and Samantha Baker (collectively "Alliance Parties") have moved to strike the Amended Counterclaims of Trudy Adams and John Williams alleging claims of breach of contract and retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215, or alternatively, to dismiss the newly asserted factual allegations of gender harassment and discrimination included within the FLSA retaliation claim. ECF No. 220. Adams and Williams oppose the motion. ECF No. 228. Having fully reviewed the matter, the Court grants the motion in part, striking the new allegations of gender harassment and discrimination, and denies the motion in all other respects.

Alliance brought this suit, alleging that former employees Adams and Williams and their new employer, Laundrylux, misappropriated Alliance's trade secrets, breached employment contracts, and tortiously interfered with Alliance's business opportunities. Defendants originally filed a joint Answer including designated Counterclaims by Adams and Williams that alleged breach of their commission agreements (Counterclaims I and III) and that Adams was terminated in retaliation for exercising rights under the FLSA, after she complained about the manner in which she was paid, more specifically, how her commission was

calculated or offset by costs (Counterclaim II).[1]  ECF No. 14.  The Alliance Parties answered after unsuccessfully moving to dismiss Adams's Counterclaims.

Shortly before the close of discovery, the Defendants moved for judgment on the pleadings, and the Court allowed Alliance to amend its Complaint to cure some identified pleading deficiencies (i.e., conclusory allegations and the failure to separate claims or identify the statutory basis for the claims).  The Amended Complaint, ECF No. 98, survived another motion to dismiss, and the Court directed Defendants to answer.[2]  ECF No. 170.  Adams and Williams then filed a timely Answer to the Amended Complaint and included Amended Counterclaims that added new details to the breach of contract counterclaims about their commission payments and completely new allegations of gender harassment and discrimination within Adams's FLSA retaliation counterclaim.  ECF No. 182.  Instead of answering, the Alliance Parties filed the instant motion to strike or dismiss the

---

[1] Adams named her former managers (Reese, Hand, and Baker) as Third-Party Defendants.

[2] The Court concluded that the Amended Complaint, ECF No. 98, complied with the Court's order to cure deficiencies.  (Alliance also dropped counts of conversion and civil theft.)  The Amended Complaint now includes Count I (trade secret misappropriation, 18 U.S.C. § 1836 *et seq.*), Count II (trade secret misappropriation, Fla. Stat. § 688.001 *et seq.*), Count III (breach duty of loyalty, Adams & Williams), Count IV (tortious interference with business opportunities), Count V (breach of contract based on a release signed by Adams), Count VI (breach of contract based on handbook acknowledgements signed by Adams and Williams).

Page 4 of 10

Amended Counterclaims, arguing they exceed the scope of the Amended Complaint and were improperly amended without leave of Court or Alliance's consent.

A counterclaim must be designated as a counterclaim and stated within a pleading. Fed. R. Civ. P. 13. An answer is a pleading. *See* Fed. R. Civ. P. 7 (defining a "pleading" as including a complaint, an answer, or an "answer to a counterclaim designated as a counterclaim"). Rule 15 governs amendments to pleadings, allowing amendment as of right within 21 days after service of a responsive pleading or by consent or leave of Court.[3] Although a counterclaim is not listed in Rule 7 as a "pleading," *see* 5 Charles Alan Wright & Arthur R. Miller, Fed. Pract. & Proc. Civ. § 1183 (4th ed.) (stating counterclaims are "not considered pleadings and consequently are not subject to procedural rules that refer to 'pleadings'"), the commentary to Rule 13 (governing counterclaims) clarifies that an "amendment to add a counterclaim will be governed by Rule 15." Fed. R. Civ. P. 13 (Committee Notes, 2009 Amendment); *see also* Fed. R. 15 (Committee Notes, 2009 Amendment) (stating Rule 15 is "the sole rule governing amendment of a pleading to add a counterclaim"). While an amended complaint justifies an amended

---

[3] Under Rule 15, a "pleading" may be amended as of right within 21 days of service or 21 days after service of a responsive pleading, Fed. R. Civ. P. 15(a)(1), and "in all other cases," amendment is only allowed with the opposing party's written consent or leave of Court, Fed. R. Civ. P. 15(a)(2).

answer, courts have noted that "if every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause," depriving the court of its ability "to effectively manage the litigation." *Bibb Cnty. Sch. Dist. v. Dallemand*, No. 5:16-cv-549 (MTT), 2019 WL 1519299, at *4 (M.D. Ga. Apr. 8, 2019) (alteration accepted, quotation omitted) (applying "the Rule 15 standard equally to amended complaints and amended (or new) counterclaims," and dismissing an amended counterclaim added without leave of court after the time for amending as of right). While not directly addressing counterclaims, the Eleventh Circuit has similarly instructed that an amended complaint "does not automatically revive all defenses or objections" that were waived initially, but acknowledged that if the amended complaint "changes the theory or scope of the case," it would be unfair to not allow the defendant "an opportunity to respond anew."[4] *Krinsk v. SunTrust Banks, Inc.,* 654 F.3d 1194, 1202 (11th Cir. 2011).

---

[4] The Alliance Parties identify the existence of three different theories as to how broadly a counterclaim can be amended in response to an amended complaint, "coined as the 'narrow, moderate, and permissive' approaches." ECF No. 220-1 (citing *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366-PGB-LHP, 2023 WL 2924746, at *3 (M.D. Fla. Jan. 27, 2023) (collecting cases), *report and recommendation adopted*, No. 6:16-cv-366-PGB-LHP, 2023 WL 2523447 (M.D. Fla. Mar. 14, 2023). Under the "narrow" approach, adding a counterclaim as of right is permitted only if it directly relates to a change in the amended complaint; the "permissive" approach allows a new counterclaim, regardless of the scope of the amendment in the complaint; and the "moderate" approach allows a counterclaim without leave of court only when the amended complaint alters the theory or scope of the case. *Id.* The court in *Taser Int'l Inc.*, 2023 WL

CASE NO. 3:23cv22130-MCR-ZCB

The Alliance Parties argue that the time for amending the counterclaims as of right had long passed, and even if not, the Amended Complaint did not alter the theory or scope of the case, so Adams and Williams were not justified in amending the counterclaims without seeking leave of Court under the moderate theory or Rule 15.  Adams and Williams argue that the varying approaches for adding counterclaims discussed by the Alliance Parties, *see supra* Note 4, apply only when a counterclaim is asserted anew, not when, as here, a previously stated counterclaim is merely reasserted with additional detail. They further argue that their Amended Counterclaims did not require specific leave of Court because they were required to file a new answer, they had to reassert their counterclaims within the answer or forfeit them, and they did not include any new counterclaims, citing *Hurry Fam. Revocable Tr. v. Frankel*, No. 8:18-cv-2869-T-33CPT, 2019 WL 12536773, at *1 (M.D. Fla. Aug. 22, 2019) (denying a motion to strike an amended counterclaim that was raised in response to a Second Amended Complaint because it related to the original controversy and the allegations were "virtually unchanged").  The Court agrees in part.

---

2924746, at *3, found the moderate approach most in line with guidance from the Eleventh Circuit, citing *Krinsk v. SunTrust Banks, Inc*., 654 F.3d 1194, 1202 (11th Cir. 2011).

CASE NO. 3:23cv22130-MCR-ZCB

Page 7 of 10

The Amended Complaint in this case cured the deficiencies identified and superseded the original Compliant, leaving it a "legal nullity," but did not expand the scope of the original Complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). The amendment did necessitate an amended Answer, which in turn required Adams and Williams to reassert their counterclaims or they would be deemed abandoned. *See* N.D. Fla. Loc. R. 15.1(A) ("Allegations in a prior pleading that are not set out in the amended pleading are deemed abandoned . . . ."); *see also Trasco Wellness, LLC v. Tampa Bay Spine & Sports Med., LLC*, No. 8:23-cv-2536-WFJ-LSG, 2025 WL 1727264, at *2 (M.D. Fla. June 3, 2025) (stating a counterclaim is abandoned if not reasserted in an amended pleading; collecting cases from this Circuit holding the same), *report and recommendation adopted,* 2025 WL 1725880 (M.D. Fla. June 20, 2025). Thus, the Amended Counterclaims were timely and proper under Rule 15 in that no new counterclaims were reasserted, satisfying the moderate approach and not contravening the Eleventh Circuit's guidance in *Krinsk*, 654 F.3d at 1202 (stating defenses waived initially cannot be asserted in response to an amended complaint unless the amended complaint altered the scope or theory of the case)—at least as to the amendments to the breach of contract counterclaims.

The additional allegations regarding gender harassment and discrimination stated within the FLSA retaliation counterclaim, however, are completely new and

unrelated to the original counterclaim. In granting Alliance leave to amend the Complaint for the sole purpose of curing pleading deficiencies, and in directing Adams and Williams to answer the Amended Complaint, the Court did not authorize them to alter the nature or scope of the counterclaims asserted. Moreover, discovery was already completed. This matters. While minor re-wording would be expected and is not prejudicial, these additional allegations, although not stating a new claim, would open up new areas for discovery and improperly change the theory and scope of the alleged claim of FLSA retaliation. Whether intended by Adams as a separate counterclaim or not (she argues it was not), there was no wholesale leave to re-write the previously asserted counterclaims by inserting new and unrelated fact scenarios. These allegations must be stricken as beyond the scope of what was allowed by the Amended Complaint under the "moderate" approach and *Krinsk*.[5]

Alternatively, Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While this is a drastic remedy, and material meeting these descriptors is infrequently stricken and even if it meets these categories, it is

---

[5] Had Adams sought leave to amend to add gender discrimination and harassment allegations within the FLSA retaliation claim or as standalone claims, leave would have been denied under Rule 15(a)(2).

CASE NO. 3:23cv22130-MCR-ZCB

properly stricken if the allegation has "no possible relation to the controversy" and striking it serves "the purposes of justice." *United States ex rel Sedona Partners LLC v. Able Moving & Storage Inc.*, 146 F.4th 1032, 1044 (11th Cir. 2025) (internal quotations omitted) (noting Rule 12(f) does not authorize striking allegations of a complaint "solely because they were based on information obtained in discovery"). The new allegations of gender harassment and discrimination are immaterial to the FLSA retaliation claim as well as scandalous. Adams maintains that the facts alleged regarding Reese's harassment of her and his discrimination "fall squarely underneath the FLSA claim that was asserted two years ago." ECF No. 228 at 15. But this is wrong. Originally, the FLSA retaliation claim was based primarily on an email dated May 18, 2023, in which Adams complained about a commission a commission calculation error and withheld wages and the fact that she was terminated "mere hours" after her managers received the email.[6] ECF No. 14 at 23-25. Because no claim of gender discrimination *in any form* has ever been asserted in this suit, injecting these allegations into the Counterclaim, well after the close of discovery and unhinged from the merits of the FLSA retaliation counterclaim, serves no valid

---

[6] Adams alleged in the original Counterclaim that she complained multiple times about Alliance improperly failing to pay her duly owed commission but specifically alleged a causal connection based on one email: "a causal connection [exists] between Adams' protected activity (her May 18, 2023 written complaint) and the adverse action (termination of her employment) which occurred within hours of the May 18, 2023 complaint." ECF No. 14 at 25.

purpose and would be prejudicial to the Alliance Parties.[7]  These allegations will be stricken.

Accordingly, Alliance's Motion to Strike Adams's and Williams's Amended Counterclaims or Alternatively to Dismiss Adams's Newly Asserted Allegations in Support of Her Retaliation Claim, ECF No. 220, is **GRANTED in part** and **DENIED in part** as follows:  The Counterclaims were properly amended within the Answer to the Amended Complaint, ECF No. 182, except that the newly asserted factual assertions of gender harassment, discrimination, and pay disparity stated in support of the FLSA retaliation claim are **STRICKEN**.

**DONE AND ORDERED** this 27th day of December 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[7] The allegations added to the breach of contract counterclaims, by contrast, undoubtedly related to the case, are not irrelevant, and are neither scandalous nor impertinent.

CASE NO. 3:23cv22130-MCR-ZCB