UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| ALLIANCE LAUNDRY SYSTEMS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>TRUDY ADAMS, JOHN "CLAY" WILLIAMS and AUTARKIC HOLDINGS, INC. D/B/A LAUNDRYLUX,<br><br>  Defendants. | Case No. 3:23-cv-22130 (MCR) |
| TRUDY ADAMS, JOHN "CLAY" WILLIAMS,<br><br>  Defendants/Counterclaim Plaintiff,<br><br>  v.<br><br>ALLIANCE LAUNDRY SYSTEMS LLC,<br>  Plaintiff/Counterclaim Defendant/<br>  Third-Party Defendant. | |

**DEFENDANT LAUNDRYLUX'S MOTION FOR FEES AND
SUPPORTING MEMORANDUM OF LAW**

MF-370610713

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..............................................................................................3

BACKGROUND ...............................................................................................4

I.     Laundrylux's Fees Are Reasonable. ...............................................7

       1.   Deposition of Sean Lanterman.......................................9

       2.   Daubert Motion ...........................................................11

II.    Laundrylux Is Entitled to Fees on Fees...........................................13

CONCLUSION ...............................................................................................15

MF-370610713

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Martin v. University of South Alabama*,
  911 F.2d 604 (11th Cir. 1990) ...........................................................................13

*Norelus v. Denny's, Inc.*,
  628 F.3d 1270 (11th Cir. 2010) ........................................................................13

*Sheet Metal Workers Int'l Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC*,
  237 F. App'x 543 (11th Cir. 2007) ....................................................................13

iii

**INTRODUCTION**

Alliance created this situation. Its original expert falsified his credentials and was withdrawn amid federal and state investigations, forcing Alliance to bring in a substitute expert. The Court found it "patently unfair to require Defendants to also bear the cost of a situation they did not cause" and ordered Alliance to "pay all expenses incurred by the Defendants, including costs and attorney's fees, in having to retake the expert's deposition and refile any motion or response the circumstances require." Dkt. 251 at 5-6. The Court further directed that if the parties could not resolve the amount, Defendants must file a motion to determine the proper amount. *Id.* at 6.

There is no question that Laundrylux is entitled to its reasonable fees and costs. Yet Alliance now wastes more valuable time and resources of all involved by refusing to engage in good faith negotiations. Indeed, in the parties' latest conferral, Alliance went *backwards* in its negotiations, offering only further reductions to what it would pay. Alliance should not be rewarded for its conduct.

Laundrylux has heavily discounted the costs and fees it seeks here, and Alliance should be directed to pay Laundrylux the $51,259 requested in full.

-3-

MF-370610713

## MEMORANDUM OF LAW

## BACKGROUND

Alliance's original expert, Mark Lanterman, falsified his credentials, withdrew after his misconduct was exposed, and left behind a methodologically deficient report. Alliance was forced to substitute a new expert.

While the Court permitted this substitution, it recognized that Defendants should not have to bear additional costs from the substitution, and it ordered Alliance to pay Defendants' reasonable costs and fees associated with his deposition and any additional motions that the substitution necessitated:

> "[T]his substitution does result in a degree of prejudice to Defendants by injecting additional delay into the process and necessitating the expenditure of more time and effort after discovery and dispositive motions were completed. And it would be patently unfair to require Defendants to also bear the cost of a situation they did not cause. Consequently, Alliance will be required to pay all expenses incurred by the Defendants, including costs and attorney's fees, in having to retake the deposition and refile any motion or response the circumstances require."

ECF No. 251 at 6.

Rather than curing the defects and retaining a new independent expert, Alliance substituted the expert's son, Sean Lanterman—who adopted the report nearly verbatim—including its deficiencies. Most glaringly, like his father, Sean Lanterman provided no explanation of the methodologies underlying his conclusions, leaving Defendants to prepare for any number of possibilities at

-4-

deposition. Sean Lanterman then came to his deposition unprepared to answer even basic questions, such as what tools he used, whether it was he or his father who conducted various analyses, or the terms of his compensation. *See, e.g.*, ECF No. 273 at 9, 16.

Because Sean Lanterman adopted his father's report and all of its flaws, and given the compelling issue of bias created by his ill-defined compensation arrangement with Alliance, Defendants moved to strike his report. In response, Alliance belatedly offered a new explanation for Sean Lanterman's compensation—that he was working for free to appease Alliance for his father's misconduct—and attempted to justify the lack of methodology by pointing to an 84-page National Institute of Standards and Technology ("NIST") manual, which was never mentioned in the expert report or in Mr. Lanterman's deposition testimony.

A week after briefing was completed, Defendants calculated the fees and costs they had incurred and requested that Alliance pay $58,927, providing the underlying time entries. Ex. A. Alliance acknowledged its obligation to reimburse Laundrylux for reasonable fees but argued that the fees were "excessive." Ex. B. In the parties' conferrals, Laundrylux indicated a willingness to consider a reduced amount, and offered to forgo seeking other fees incurred in opposing the original motion to substitute if the parties could reach an agreement. Laundrylux requested a

-5-

counteroffer from Alliance. *Id.* Alliance did not provide one. Instead, Alliance's counsel submitted only an "analysis" of time it objected to, and caveated that it was expressly "not a settlement offer." *Id.* After removing the billed time that Alliance objected to, the adjusted fees in Alliance's analysis totaled $33,996. Ex. C. Despite that Alliance had not provided a firm counteroffer, Laundrylux applied voluntary reductions to address Alliance's objections and offered to agree to a $50,000 payment to resolve the dispute. Ex. B. Alliance rejected that offer without providing a counteroffer, instead directing Laundrylux to file a motion with the Court. *Id.*

Laundrylux filed its motion on May 8, 2026. ECF No. 300. On May 13, the Court denied the motion without prejudice, ordering the parties to confer again and "work in good faith to resolve their dispute." ECF No. 301. Counsel for the parties conferred again on May 19, 2026. Marcelo Decl. ¶ 6. Heading into the conferral, Laundrylux was prepared to reduce its request further to resolve this matter promptly. But at the conferral, Alliance *backtracked* from its prior analysis and reduced its offer by another $9,000, offering to pay $25,000. *Id.* When asked why the offer *decreased* from its prior analysis, Alliance's counsel merely stated that the basis for Alliance's position had not changed from its prior analysis, and its reasoning remained the same as in the prior correspondence and conferral. *Id.*

-6-

Despite Alliance's backtracking, Laundrylux attempted to resolve the matter one more time. Laundrylux offered to split the difference between the fees it requested in this motion and Alliance's prior "adjusted fees," effectively offering to accept a payment of $43,000. Ex. B. Alliance did not accept or provide a further counteroffer. *Id.*

## ARGUMENT

### I.    Laundrylux's Fees Are Reasonable.

Laundrylux seeks $51,259 in fees and costs expended in connection with: (1) preparing to depose and deposing Sean Lanterman; (2) Laundrylux's Motion to Strike Sean Lanterman (Dkt. 273) and Reply in support of that motion (Dkt. 280); and (3) this fee request.

The timekeepers who worked on each component are broken down as follows:

- Deposition of Sean Lanterman: One partner, counsel, and associate.

- *Daubert* motion: Primarily one partner, counsel, and associate.[1]

- *Daubert* Reply: One partner, associate, and paralegal.[2]

---

[1] One additional counsel accounted for a total of 1.8 hours and one additional partner accounted for a total of 4.1 hours.

[2] An additional partner and counsel billed less than 1 hour of additional time.

-7-

- Original fee calculation: A paralegal accounted for 8.8 of the 10.7 hours billed.[3]

- Fees Motion: One partner and associate.[4]

The detailed time entries associated with this fee request are included in Ex. D and are broken down as follows:

|  | Hours | Fees/Costs |
|---|---|---|
| **Deposition of Sean Lanterman** | 41.9 | $13,858 attorneys' fees<br><br>$2,177 court reporter and videographer costs |
| **Motion to Strike and Reply** | 92.7 | $32,141 |
| **Fees Motion** | 8.9 | $3,083 |
| **Total:** | 143.5 | $51,259 |

This requested amount represents a significant discount from the fees Laundrylux actually incurred and paid, reflecting the following voluntary reductions:

1. Applying the rates set by Judge Bolitho in the February 13, 2026 Order (Dkt. 272), which are heavily discounted from the rates actually paid by Laundrylux;

---

[3] Laundrylux is not seeking to recover fees for this work, but is including here because it was included in its initial request.

[4] One additional partner accounted for .4 hours.

-8-

2. Forgoing the time spent by lead partner David Perez in connection with Sean Lanterman's deposition;

3. Forgoing all fees incurred through local counsel;

4. Reducing the time billed by the associate on Laundrylux's reply brief by 50 percent; and

5. Forgoing fees incurred with the May 19 conferrals and refiling of this motion.

These are not minor concessions. They reflect tens of thousands of dollars and Laundrylux's good-faith effort to present the Court with a fee request that is reasonable on its face and responsive to Alliance's stated concerns.

### 1. Deposition of Sean Lanterman

Laundrylux seeks a total of $16,035 ($13,858 in fees and $2,177 for videographer and court reporter costs) in connection with preparing for and conducting the deposition of Sean Lanterman. Ex. D. That preparation included reviewing the expert's background, preparing potential exhibits, and conducting the actual deposition. *Id.*

Alliance's objection to the deposition fees concerned a set of 6.5 hours spent preparing exhibits, arguing it was excessive because only two exhibits were ultimately entered at the deposition. Ex. B (April 7 email from counsel). That argument is meritless. The number of exhibits entered at a deposition does not limit

the number of potential exhibits that counsel must prepare in advance. Competent deposition preparation requires reviewing, organizing, and readying a broader set of materials than may ultimately be used, particularly when the expert's report fails to disclose his methodology.

Thorough preparation was not only warranted but necessary given the extraordinary circumstances of the expert substitution and the importance of the expert opinions at issue in this case. By failing to disclose Sean Lanterman's methodologies and processes—which should have been set forth in his report— Alliance also forced Defendants to prepare for any number of possibilities. Alliance does not get to create the need for additional preparation through its expert's deficient report and then complain that the preparation was too thorough.

Moreover, although Sean Lanterman adopted his father's report, preparation for the deposition of a new expert was still required because Defendants could not predict how he would testify. And given the issues revealed regarding Mark Lanterman's credentials and background, it was necessary to carefully vet Sean Lanterman's credentials and background as well.

Finally, Laundrylux has already excluded the time spent by lead partner David Perez—both in preparing for and conducting the deposition itself—a significant reduction that Alliance ignores.

-10-

MF-370610713

### 2.    Daubert Motion

Laundrylux seeks $32,141 in connection with its Motion to Strike Sean Lanterman and Reply in support thereof. Ex. D. Alliance's objections to these fees are unfounded for several reasons.

First, the motion addresses a critical issue in this case. Excluding Sean Lanterman's report and associated testimony—in which he improperly opines on central issues without disclosing any methodology or support—is important to Defendants' defense against Alliance's claims. The value and complexity of the issues justified the time spent.

Second, the unique circumstances created novel legal issues. Sean Lanterman's problematic fee arrangement with Alliance—under which he is working for free to repay Alliance for his father's misconduct and preserve his and his business's reputation—created a novel issue of bias that, to Defendants' knowledge, has not been addressed in any reported decision. Sean Lanterman's shifting explanations of his fee arrangement and the inconsistent testimony across the two expert depositions and multiple declarations required substantial work to unwind and present to the Court.

Third, Alliance's own litigation tactics compounded the work required. Alliance's belated introduction of an 84-page NIST manual to justify Sean

-11-

Lanterman's alleged methodologies—a manual never mentioned in the expert report or depositions—required additional time to review and address on reply.[5] And far from supporting the report, a detailed review of the NIST manual showed it actually highlights the many ways in which the report was deficient. ECF No. 280 at 9–11.

Alliance's specific objections to these fees are without merit:

- **"File review" and law firm transfer.** Alliance's contention that time entries reflect "file review" necessitated by a transfer between law firms is incorrect. Ex. B. Reviewing the expert reports and deposition transcripts is a necessary step for any counsel drafting a *Daubert* motion; it is not a cost created by a change of firms. Regardless, Laundrylux's reduced fee request removes any time entries that could conceivably be considered time spent in connection with transferring the case. Ex. D.

- **Associate hours on the reply.** Alliance asserted that the associate billed excessive time on the Reply and "appears to no longer be at the firm." Ex. B. That is simply wrong—the associate remains at the firm. In any event, attorney turnover would have no bearing on the reasonableness of time

---

[5] While Alliance referenced the NIST manual in response to the motion to strike its prior expert, Defendants were not permitted to submit a reply brief and the motion was mooted because of the expert substitution.

actually expended. And Laundrylux has applied a 50 percent reduction to the associate's time on the reply brief, directly addressing Alliance's concern.

- **Former attorney time.** Alliance complained of a mere 0.4 hours charged by a withdrawing attorney for providing limited follow-up assistance. Again, while this assistance was a routine and appropriate practice, Laundrylux agreed to write it off, rendering Alliance's objection moot. *Id.*

Despite Laundrylux's good-faith efforts to resolve this dispute—including applying a nearly $10,000 reduction to address Alliance's objections—Alliance refused to engage further and directed Laundrylux to file this motion.

## II.    Laundrylux Is Entitled to Fees on Fees.

Laundrylux seeks $3,083 in connection with bringing this motion. The Eleventh Circuit squarely authorizes recovery of fees incurred in establishing the right to, and calculating the amount of, attorneys' fees. *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010); *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990) ("It is well settled that time expended litigating attorney fees is fully compensable."); *Sheet Metal Workers Int'l Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC*, 237 F. App'x 543, 550 (11th Cir. 2007) ("federal statutory fee-shifting provisions ordinarily authorize fees on fees").

MF-370610713

Initially, Laundrylux sought only $2,000 for fee calculation. Ex. A. This consisted almost entirely of paralegal time spent filtering hundreds of time entries and flagging inconsistencies or issues like confidentiality or privilege concerns. *Id*. That is a modest sum for necessary work in calculating fees. Alliance objected, characterizing this as "administrative" and "inappropriate." However, flagging potential privilege issues and understanding the context of information deemed confidential are tasks traditionally within the purview of attorneys, and may be recovered here. Moreover, Laundrylux's subsequent offer to Alliance to reduce its fee request by nearly $10,000 more than accounted for Alliance's objections to these paralegal fees, *and Laundrylux's current fee request likewise excludes those fees*.

More significantly, despite Laundrylux's attempts to resolve this dispute without motion practice, Alliance initially refused to respond with any counteroffer, demanding instead that the issue be raised with the Court. Then, when ordered to confer further, Alliance *backtracked* in the negotiations despite confirming that there were no changes to the basis of Alliance's position since the last conferral. And Laundrylux's final attempt to resolve the matter by offering to split the difference between the parties' positions (another $8,000 reduction) was met with silence. Ex. B.

-14-

MF-370610713

Alliance is the reason additional fees for this motion have been incurred. As a result, Laundrylux seeks recovery of $3,083 expended in connection with this motion. Alliance should not benefit from its own refusal to negotiate in good faith.

## CONCLUSION

For the foregoing reasons, Laundrylux is entitled to $51,259 in fees and costs associated with Sean Lanterman's substitution as an expert.

-15-

MF-370610713

## CERTIFICATE OF CONFERRAL
## PURSUANT TO LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), counsel for Defendant Laundrylux conferred in good faith via email and videoconferencing regarding this matter and the relief requested in this Motion with counsel for Plaintiff Alliance. Specifically, on April 1, 2026, counsel for Laundrylux (Christian Marcelo) conferred in good faith through videoconferencing with counsel for Alliance (Mindi Giftos and John Adams) for approximately 20 minutes. The parties were unable to resolve the dispute. Counsel for Laundrylux conferred in good faith with Alliance's counsel via videoconference again on May 19, 2026, for approximately 5 minutes. The parties failed to reach an agreement with respect to the relief requested in this Motion, and thus court intervention is required.

Dated: May 20, 2026                     /s/ David A. Perez
                                        David A. Perez (admitted pro hac vice)

-16-

MF-370610713

## WORD COUNT CERTIFICATION

Defendants' Motion contains 2,453 words (including the text, headings, footnotes, and quotations, but excluding the table of contents, table of authorities, case caption, signature block, and certificate of service) and therefore complies with the 8,000-word limit in Local Rule 7.1(F).

Dated:  May 20, 2026

/s/ David Perez
David A. Perez (admitted pro hac vice)
Christian W. Marcelo (admitted pro hac vice)
Heath L. Hyatt (admitted pro hac vice)
**MORRISON & FOERSTER LLP**
925 Fourth Avenue, Floor 38
Seattle, Washington  98104-1157
Telephone: (206) 324-6378
Facsimile: (206) 260-8813
Email: DavidPerez@mofo.com
Email: CMarcelo@mofo.com
Email: HHyatt@mofo.com

Beth-Ann E. Krimsky
Florida Bar No. 968412
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida  33301
Telephone: (954) 527-2427
Facsimile: (954) 333-4027
Email: beth-ann.krimsky@gmlaw.com

*Attorneys for Defendant Autarkic Holdings, Inc. d/b/a Laundrylux*

-17-

MF-370610713